# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KAREN JEAN ROLLINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-1607-CDP |
| INSTITUTIONS OF LIFE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Karen Jean Rollins, seeks leave to proceed in forma pauperis in this civil action against defendant Institutions of Life. After a review of plaintiff's financial affidavit, the Court will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. However, for the reasons set forth below, the Court will dismiss her complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

**Complaint**

In her form complaint, plaintiff states:

> I would like a civil lawsuit against the institutions whom used and caused injuries and losses, violated laws and rights as a citizen. In addition, criminal charges for conspiring and perpetrators whom participated in crimes of property damages, intrusions, bodily injuries, identity switched, intentionally for harm. Libelous conditions, staged, fraud, forgery.

She seeks damages, including lost income for over thirty-five years.

Attached to her complaint is a fourteen-page disjointed, stream of consciousness narration that alleges violations of plaintiff by "professionals of every institution of living, private and government," the media, Facebook, health care providers, the FCC, AT&T, Union Electric, Barnes-Jewish Hospital, and Baylor Hospital, among others. Plaintiff alleges body tampering, memory erasing, sexual assaults, thefts, hypnosis, and time lapses.[1]

---

[1] In 1997, plaintiff filed twenty-one lawsuits in this Court, all of which were dismissed under § 1915(e)(2)(B) as frivolous. *See Rollins v. American Airlines, et al.*, No. 4:97-CV-1270-CEJ (E.D. Mo. filed Jun. 17, 1997); *Rollins v. University City Sch.*, No. 4:97-CV-1271-DDN (E.D. Mo. filed June 17, 1997); *Rollins v. Automobile Club*, No. 4:97-CV-1272-CEJ (E.D. Mo. filed June 17, 1997); *Rollins v. Jim Butler Saturn*, No. 4:97-CV-1273-CAS (E.D. Mo. filed June 17, 1997); *Rollins v. St. Anthony's Hosp., et al.*, No. 4:97-CV-1274-ERW (E.D. Mo. filed June 17, 1997); *Rollins v. American Tel., et al.*, No. 4:97-CV-1275-LOD (E.D. Mo. filed June 17, 1997); *Rollins v. Kessell, et al.*, No. 4:97-CV-1276-DJS (E.D. Mo. filed June 17, 1997); *Rollins v. Taylor*, No. 4:97-CV-1277-ERW (E.D. Mo. filed June 17, 1997); *Rollins v. Mo. Dep't of Mental Health, et al.*, No. 4:97-CV-1278-DDN (E.D. Mo. filed June 17, 1997); *Rollins v. St. Louis Cty Water*, No. 4:97-CV-1279-SNL (E.D. Mo. filed June 17, 1997); *Rollins v. Maple Lawn Village, et al.*, No. 4:97-CV-1343-MLM (E.D. Mo. filed June 23, 1997); *Rollins v. Malcolm Bliss Hosp.*, No. 4:97-CV-1344-CAS (E.D. Mo. filed June 23, 1997); *Rollins v. Carter*, No. 4:97-CV-1358-DJS (E.D. Mo. filed June 26, 1997); *Rollins v. City of Dellwood*, No. 4:97-CV-1359-CAS (E.D. Mo. filed June 24, 1997); *Rollins v. LaGrange Community*, No. 4:97-CV-1360-SNL (E.D. Mo. filed June 24, 1997); *Rollins v. UMSL*, No. 4:97-CV-1361-DDN (E.D. Mo. filed June 24, 1997); *Rollins v. AT&T, Inc.*, No. 4:97-CV-1402-CDP (E.D. Mo. filed July 2, 1997); *Rollins v. Bally Entm't.*, No. 4:97-CV-1612-DJS (E.D. Mo. filed Aug. 1, 1997); *Rollins v. Arsenal Credit Union*, No. 4:97-CV-1616-LOD (E.D. Mo. filed Aug. 1, 1997); *Rollins v. State of Mo.*, No. 4:97-CV-1617-TIA (E.D. Mo. filed Aug. 1, 1997); and *Rollins v. Shurgard Storage Ctr.*, No. 4:97-CV-1623-DDN (E.D. Mo. filed Aug. 4, 1997).

## Discussion

Based on the complaint and supporting documents, the Court finds plaintiff's claims lack an arguable basis in either law or fact, and are frivolous. Her legal theories are indisputably meritless and her factual allegations are "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the complaint is legally frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of October, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE